**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **Christina Hagan**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **City of Hannibal,** | ) | Case No. 2:20-cv-00048-NAB |
| | ) | |
| and | ) | |
| | ) | |
| **Hannibal Board of Public Works** | ) | |
| | ) | |
| Defendants. | ) | |

**Notice of Dismissal of Defendant City of Hannibal**
**Without Prejudice Under Rule 41(a)(1)(A)(i)**

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), Plaintiff Christina Hagan ("Hagan") voluntarily

dismisses without prejudice all claims against <u>Defendant City of Hannibal only</u>, which has neither

filed an answer nor a motion for summary judgment.  Rule 41(a)(1)(A)(i) provides that a plaintiff

may voluntarily obtain a dismissal by filing "a notice of dismissal before the opposing party serves

either an answer or a motion for summary judgment."

Dismissal requires no judicial action or approval and is effective automatically upon filing.

*Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1078 (8th Cir. 2017) (citing *Wolters Kluwer Fin.*

*Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009), which held that plaintiffs had the

unfettered right to voluntarily and unilaterally dismiss the action under Rule 41(a)(1) because the

defendant had not yet answered or moved for summary judgment).  Simply put, Rule 41(a)(1)

"means what it says." *Id.* at 1078.

In *Safeguard Bus. Sys., Inc. v. Hoeffel*, 907 F.2d 861, 863 (8th Cir. 1990), the Eighth Circuit held that Rule 41(a)(1) permits dismissal as of right and requires only notice to the court, not a motion, and permission or an order of court is not required.  Rule 41(a)(1) creates a "bright line" that leaves no discretion.  *Id.*  In *Safeguard*, plaintiff filed suit in the Western District of Missouri and sought a TRO.  After the court denied the request for a TRO, plaintiff dismissed under Rule 41(a)(1)(A)(i) and refiled the case in the District of Kansas.  *Id.* at 863.  The defendant appealed, arguing the district court had converted the temporary restraining order hearing into a hearing on all injunctive relief pursuant to Fed. R. Civ. P. 65(a)(2) in its ruling from the bench, which occurred prior to the dismissal.  *Id.* at 864.  The Eighth Circuit denied relief to the defendant, noting that once the notice of dismissal is filed, the district court is divested of jurisdiction and "[c]onsistent with our cases, we can inquire no further."  *Id.*

Here, since filing this lawsuit, Hagan has been made aware of information by defense counsel giving her reason to believe that the Hannibal Board of Public Works was her sole employer and that she was not jointly employed by the City of Hannibal.  Based upon this information, Plaintiff hereby voluntarily dismisses the City as a defendant without prejudice.  Defendant Hannibal Board of Public Works, which has answered the Complaint, shall remain a party in this case.

Respectfully submitted,

ERNST LAW FIRM, LLC


By:      */s/ Edwin C. Ernst, IV*
         Edwin C. Ernst, IV #57521
         Jeffrey W. Ernst #58658
         13321 N. Outer Forty Rd., Suite 600
         St. Louis, Missouri 63017
         (314) 690-1744 Telephone
         (314) 448-4300 Facsimile
         eddie@ernstlawfirm.net
         jeffrey@ernstlawfirm.net

*Attorneys for Plaintiff Christina Hagan*


**Certificate of Service**

The undersigned hereby certifies that on November 3, 2020, the foregoing was filed electronically with the Clerk of the Court and thereby served upon the following counsel of record.

Adam D. Hirtz
Contessa A. Brundridge
Jackson Lewis, P.C.
222 South Central Avenue, Suite 900
St. Louis, MO 63105
adam.hirtz@jacksonlewis.com
contessa.brundridge@jacksonlewis.com

*Attorneys for Defendants*


    */s/ Edwin C. Ernst, IV*